UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHIE A. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03939-TWP-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Richie A. Johnson petitions for a writ of habeas corpus challenging

a prison disciplinary sanction imposed in disciplinary case number CIC 19-05-0224. For the

reasons explained in this Order, Mr. Johnson's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On May 17, 2019, Indiana Department of Correction (IDOC) Correctional Officer J. Raines wrote a Report of Conduct charging Mr. Johnson with possession of dangerous/deadly contraband/property, a violation of the IDOC's Adult Disciplinary Code offense A-106. The Report of Conduct states:

> On 5-17-19 at approximately 10:24 Pm I Ofc J. Raines and OII B. Sekhar were conducting a shakedown of 5-4A when I found a piece of metal sharpened to a point, with a piece of clothing material wrapped around part of it. I recognized it to be a homemade weapon. I found this item hidden on the lip of the heating vent. The item was approximately 6 inches long.

Dkt. 6-1.

The cell was Mr. Johnson's. He was notified of the charge on May 22, 2019, when he received the Screening Report. Dkt. 6-5. Mr. Johnson pled not guilty to the charge, did not ask for any witnesses, but asked for "any and all evidence." *Id.*

A hearing was held on June 11, 2019. Dkt. 6-7. Mr. Johnson told the hearing officer that he did not contest the fact that officers found a weapon in his cell, just that he did not know the weapon was there. *Id.* His cellmate had moved a few days prior to the shakedown, so Mr. Johnson was the sole occupant of the cell. *Id.* The hearing officer had reviewed video evidence and furnished Mr. Johnson with a video review report. Dkt. 6-8. Based on Mr. Johnson's statement, the video evidence, the staff reports, and a photograph of the weapon, the hearing officer found Mr. Johnson guilty of the charged offense. *Id.* and dkt. 6-13. The sanctions imposed included a ninety-day earned-credit-time deprivation. *Id.*

Mr. Johnson appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 6-9 & 6-10. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Warden filed his return to the show cause order on November 1, 2019. Dkt. 6. Mr. Johnson did not file a reply/traverse.

### C.    Analysis

In his petition for a writ of habeas corpus, Mr. Johnson claims that his due process rights were violated when (1) no evidence was presented at the disciplinary hearing as he had requested; (2) no cell inspection had been performed before his shakedown; (3) IDOC policy was violated when he was not screened and provided a hearing within seven days; and (4) he was not taken to the segregation unit until a month after the shakedown, a factor showing he was innocent. Dkt. 1 at 4-7.

### (1)    Procedural Default

The Warden asserts that the Court cannot consider Mr. Johnson's third and fourth grounds for relief because they were not presented to the Warden or the Final Reviewing Authority during Mr. Johnson's administrative appeals. Dkt. 6 at 6. Mr. Johnson, as noted above, did not file a reply/traverse to the Warden's arguments, thus the arguments are considered unrebutted.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The Warden also argues that because the time for Mr. Johnson to have completed his administrative appeals has passed, Mr. Johnson has procedurally defaulted those claims and no habeas corpus relief can be granted on defaulted grounds. Dkt. 6 at 9.

The record supports the Warden's argument that Mr. Johnson failed to present these issues during his administrative appeals. Dkts. 6-9 & 6-10. Accordingly, habeas corpus relief on issues three and four of Mr. Johnson's petition is **denied**.

(2)      **Denial of Evidence**

Mr. Johnson's first ground for relief was that he was denied the evidence he requested, but he does not then argue that he was unable to defend himself. Dkt. 1 at 5. Rather, he argues that because no evidence was produced, he could not have been found guilty. *Id.* Mr. Johnson's definition of the term "evidence" appears to be limited to the actual weapon found in his cell.

Mr. Johnson argues no evidence whatsoever was presented, not even a picture of the weapon, but he has only his argument to support the contention. The Warden argues evidence was presented, in the form of a photograph of the knife, as well as video evidence, the staff reports, and Mr. Johnson's statement. Resolution of these competing arguments is not necessary because even if the weapon or a picture of it was not produced at the hearing, the staff reports alone are some evidence to support the hearing officer's decision. Thus, not presenting the actual weapon at the hearing was harmless error at the most. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (applying the harmless error doctrine to prison disciplinary hearings).

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The

Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Johnson's statement at the hearing was that he did not dispute that officers found a weapon in his cell. He only disputed whether he had knowledge of it. Dkt. 6-7. His statement that he did not dispute that a weapon was found in his cell is "some evidence," as is the conduct report. In this case there is "some evidence" to support the hearing officer's decision. Habeas corpus relief is **denied** on this ground.

### (3)    No Cell Inspection

If Mr. Johnson's contention that no cell inspection was performed prior to the discovery of the weapon in his cell is challenging the sufficiency of the evidence, that argument is meritless for the reasons just explained about the "some evidence" standard. If Mr. Johnson is contending that IDOC violated its policies by conducting a shakedown without a cell inspection, he points to no such policies. Moreover, however, if there was a policy violation involved, it is of no consequence because the failure to follow policy, or even the intentional breaking of a prison rule or state law is not a federal constitutional violation.

Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780

(7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

If there was a policy that was broken, that fact does not provide habeas corpus relief. If the lack of a cell shakedown challenges the sufficiency of the evidence, that argument also fails considering the meager "some evidence" standard. Accordingly, Mr. Johnson is not entitled to habeas corpus on this ground for relief and it is **denied**.

### D.      Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus is **denied** and this action **dismissed** with prejudice. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 5/8/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richie A. Johnson
121528
Pendleton - Correctional Industrial Facility
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov